IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| DAVID DONATONI, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-54 |
| | ) | |
| DEPERTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff has been indicted in Virginia state court for possession of child pornography in violation of Va. Code § 18.2-374.1. This state prosecution is based, in part, on evidence collected by federal agents in the Department of Homeland Security ("DHS"). Plaintiff believes that DHS's investigation violated the Fourth Amendment, and he accordingly seeks documentary and testimonial information from DHS relating to its investigation in order to establish that a constitutional violation occurred. DHS, as is true of many federal agencies, requires litigants seeking to obtain information of the sort sought by plaintiff to comply with *Touhy* regulations,[1] which govern the manner in which persons may subpoena documents and testimony from DHS. Because plaintiff's attempts to obtain information from DHS have not borne fruit, plaintiff launches a frontal assault on DHS's *Touhy* regulations, specifically by contending that DHS is hiding behind its *Touhy* regulations as a means of concealing its unconstitutional conduct in gathering information about plaintiff. As such, plaintiff argues that the Constitution precludes

---

[1] A "*Touhy* regulation" is a federal agency regulation promulgated pursuant to 5 U.S.C. § 301 and consistent with *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 467-68 (1951), in which the Supreme Court held that the Attorney General "can validly withdraw from his subordinates the power to release department papers" in litigation.

DHS from enforcing its *Touhy* regulations against plaintiff with respect to plaintiff's attempt to obtain information bearing on his state court prosecution, and plaintiff therefore seeks declaratory and injunctive relief to excuse his compliance with DHS's *Touhy* regulations.

DHS moved to dismiss plaintiff's Complaint for lack of jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1)[2] and 12(b)(6), Fed. R. Civ. P. The motion was fully briefed and argued orally. As the analysis that follows demonstrates, the proper means of raising constitutional claims of the sort plaintiff asserts here is through the Administrative Procedure Act ("APA"),[3] not through a broad constitutional attack on the application of the regulations generally. Moreover, even assuming this lawsuit is a proper means of obtaining the relief plaintiff seeks, the constitutional arguments he presents *in this case* all fail. Accordingly, DHS's motion to dismiss must be granted.

### I.

Plaintiff is under indictment in Virginia state court on charges of possession of child pornography. The Commonwealth's prosecution of plaintiff is based on certain evidence obtained under a federal search warrant. Plaintiff alleges that the Commonwealth continues to work in cooperation with defendant DHS, specifically through DHS Special Agent David Liu.

DHS has promulgated formal *Touhy* regulations governing whether, and under what circumstances, documentary and testimonial information from the agency may be released in official proceedings. *See* 6 C.F.R. § 5.41 *et seq.* DHS's *Touhy* regulations prohibit employees

---

[2] The Complaint seeks damages against DHS for alleged constitutional violations as part of the requested relief. DHS correctly argues that sovereign immunity precludes an award of damages against a federal agency through an implied cause of action for constitutional violations. *See FDIC v. Meyer*, 510 U.S. 471, 473 (1994). Plaintiff, in his opposition, withdrew his request for damages, so the motion to dismiss under Rule 12(b)(1) is moot. *See* P. Opp. at 1.

[3] 5 U.S.C. § 500 *et seq.*

from providing documentary or testimonial information obtained in the performance of official duties unless the DHS Office of General Counsel authorizes the disclosure. *See* 6 C.F.R. § 5.44. At the same time, these regulations permit the sharing of information and materials with, *inter alia*, state prosecuting authorities. *Id.* § 5.41(i).

On July 14, 2015, plaintiff served a state court subpoena on Special Agent Liu, containing twenty-five requests for the production of DHS documents.[4] A second subpoena seeking to compel Special Agent Liu's testimony issued on August 19, 2015. DHS's position in the state court proceedings has been that plaintiff must comply with DHS's *Touhy* regulations in order to obtain the information sought. Nevertheless, by letter dated October 22, 2015, relevant agency counsel permitted Special Agent Liu to testify to limited facts.

Plaintiff filed the instant action in January 2016, challenging the application of DHS's *Touhy* regulations to his requests for documentary and testimonial information from DHS regarding plaintiff's pending state court charges. In essence, plaintiff argues that because DHS participated (and allegedly continues to participate) in the investigation underlying the state prosecution, DHS's invocation of its *Touhy* regulations in response to plaintiff's subpoenas violates plaintiff's constitutional rights. Importantly, this is neither a case challenging DHS's collection of information about plaintiff under the Fourth Amendment, nor is this a case challenging any specific decision by DHS to deny plaintiff access to testimony or documents that plaintiff deems relevant to his defense in state court. Rather, this is a case in which plaintiff contends, relying on the First, Fourth, Fifth, Sixth, and Fourteenth Amendments, that in his circumstances he is exempt from complying with DHS's *Touhy* regulations.

---

[4] Although this fact does not appear in the Complaint, the parties represented during oral argument that plaintiff's request for documents has now been denied.

3

## II.

That state criminal defendants must comply with federal *Touhy* regulations when seeking from federal agencies information relating to the state prosecutions is well settled.[5] In *United States v. Williams*, 170 F.3d 431, 434 (4th Cir. 1999), the Fourth Circuit held that the FBI's assistance with a state criminal investigation did not excuse the criminal defendant there from complying with the FBI's *Touhy* regulations in order to obtain information relating to the state prosecution. Indeed, the Fourth Circuit in *Williams* expressly rejected the argument that "because the FBI was assisting state authorities in their investigation of the state crimes…the FBI should not be allowed to require compliance with the [*Touhy*] regulations." *Id.* And moreover, the Fourth Circuit noted that "[t]he proper method for judicial review" of an adverse decision under a federal agency's *Touhy* regulations "is through the [APA]." In such a proceeding, the state criminal defendant "may assert his constitutional claim to the investigative information." *Id.*[6] Accordingly, it is pellucid under Fourth Circuit authority that the federal government may require compliance with *Touhy* regulations where, as here, a state criminal defendant seeks information from a federal agency involved in the investigation underlying the state prosecution.

---

[5] Two of the cases on which DHS relies are instructive, but not dispositive of the instant lawsuit. In *Smith v. Cromer*, 159 F.3d 875, 881 (4th Cir. 1998), the Fourth Circuit held that a state court lacks jurisdiction to enforce subpoenas compelling the production of information protected by *Touhy* regulations, which is analytically distinct from whether a federal agency may require compliance in the first instance. And in *Kasi v. Angelone*, 300 F.3d 487, 503 (4th Cir. 2002), a federal *habeas* case, the Fourth Circuit's review was limited to whether the Supreme Court of Virginia's holding that a state court lacked jurisdiction to compel the FBI to comply with a subpoena was "contrary to or an unreasonable application of federal law as determined by the Supreme Court." Although these cases are inapposite for the specific reasons just articulated, they stand generally for the proposition that a state court litigant cannot contravene *Touhy* regulations.

[6] *See* 5 U.S.C. § 706(2) (authorizing a federal court to "hold unlawful and set aside agency action" that is, *inter alia*, "contrary to constitutional right, power, privilege, or immunity").

The proper means of raising constitutional claims to federal agency information is by complying with *Touhy* regulations and seeking review of an adverse decision under the APA.[7]

Plaintiff argues that relief under the APA does no good where a federal agency delays issuing a decision under its *Touhy* regulations in a manner that prejudices a state criminal defendant's defense. That, plaintiff argues, is precisely what DHS did in this case—in plaintiff's view, DHS delayed action on plaintiff's requests for information under the applicable *Touhy* regulations in hope that the state prosecution would proceed to completion before DHS acted. This argument fails; the APA provides a cause of action by which a plaintiff may seek to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Thus, before plaintiff's requests for information from DHS were denied, plaintiff was free to file a lawsuit seeking relief under the APA directing DHS to issue a final decision, which would in turn be reviewable under APA § 706(2). In short, not only is an action under the APA the appropriate means of raising constitutional challenges to federal agency decisions under *Touhy* regulations, but it is also the appropriate means of preventing the federal government from prejudicing a state criminal defendant's interests by delaying action on requests for information.

Even apart from *Williams* and the principle that plaintiff's claims should be presented by way of an APA lawsuit challenging specific final agency decisions, the constitutional claims that

---

[7] The Fourth Circuit is not alone in rejecting attempts by litigants to evade federal agency *Touhy* regulations. *See, e.g., Rimmer v. Holder*, 700 F.3d 246, 263 (6th Cir. 2012) (affirming dismissal of a complaint where the plaintiff "has completely neglected the *Touhy* framework"); *Houston Bus. Journal, Inc. v. Office of Comptroller of Currency*, 86 F.3d 1208, 1212 (D.C. Cir. 1996) ("[A] state-court litigant must request the documents from the federal agency pursuant to the agency's regulations."); *United States v. Bizzard*, 674 F.2d 1382, 1387 (11th Cir. 1982) (rejecting the argument that *Touhy* regulations "are unconstitutional under the Fifth and Sixth Amendments"); *United States v. Allen*, 554 F.2d 398, 406-07 (10th Cir. 1977) (rejecting a Fifth and Sixth Amendment challenge to an agency's refusal to provide testimonial evidence where the criminal defendant did not comply with the applicable *Touhy* regulations).

plaintiff asserts in this lawsuit all fail. First, plaintiff raises a substantive and procedural due process claim under the Fourth, Fifth, Sixth, and Fourteenth Amendments. *See* Comp.¶ 56a. Of course, due process guarantees are absent from the Fourth and Sixth Amendments, and the Fourteenth Amendment's Due Process Clause applies only to states. As such, analysis properly focuses on the Fifth Amendment. To the extent plaintiff alleges that requiring compliance with *Touhy* regulations amounts to a *Brady* violation,[8] *Williams* forecloses that argument. As the Fourth Circuit explained in *Williams*, "requiring that a state criminal defendant comply with [*Touhy*] regulations as a prerequisite to obtaining potentially exculpatory information" is not equivalent to "authoriz[ing] [a federal agency] to withhold such information where it has participated in the investigation of the alleged crimes at issue." *See Williams*, 170 F.3d at 434. In other words, a *Brady* violation does not occur merely because a federal agency requires a state criminal defendant to request potentially exculpatory information via the process set forth in relevant *Touhy* regulations.

As to procedural due process, the availability of "meaningful judicial review" under the APA provides plaintiff with a means of being fully heard on any constitutional claims. *See id.*; *cf. Doolin Sec. Sav. Bank, F.S.B. v. FDIC*, 53 F.3d 1395, 1404-05 (4th Cir. 1995) (finding "that the FDIC's procedures to review assessment risk classifications satisfy due process because [plaintiff] could have sought APA judicial review of the decision"). Finally, as to any substantive due process argument, executive actions—such as requiring compliance with *Touhy* regulations—are reviewed for whether the action is "shocking to the judicial conscience." *Cnty.*

---

[8] *See Brady v. Maryland*, 373 U.S. 83, 87 (1964) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

*of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998). To require compliance with a regulatory scheme that is subject to judicial review in order to obtain federal agency information cannot be said to rise to the level of shocking the conscience.

Plaintiff also makes an equal protection argument under the Fifth Amendment, which incorporates the Fourteenth Amendment's equal protection guarantee against the federal government through the Due Process Clause. *See Bolling v. Sharpe*, 347 U.S. 497, 499-500 (1954). This argument also fails. The *Touhy* regulations in issue distinguish state and local law enforcement authorities, with whom DHS may share information freely, from other persons or entities, who must comply with the *Touhy* regulations. *See* Comp. ¶¶ 20, 56b. This regulatory distinction is not based on a suspect classification, *e.g.*, race or gender, and therefore is subject only to rational basis review, under which the distinction "must be upheld against [an] equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993).[9] Rational bases for the distinction here abound; one example would be that state and local law enforcement authorities may be more trustworthy with potentially sensitive federal information.

Finally, plaintiff alleges a violation of his First Amendment right to full and fair access to courts. To state a constitutional claim for access to courts, a necessary element is that the plaintiff is "'completely foreclosed' from meaningfully pursuing [his] underlying claims." *Broudy v. Mather*, 460 F.3d 106, 185 (D.C. Cir. 2006). As the Complaint and attached

---

[9] To the extent plaintiff argues that the equal protection violation is the burdening of a fundamental right, there is no fundamental right to general discovery in criminal proceedings, so rational basis review still applies. *See Weatherford v. Bursey*, 429 U.S. 837, 846 (1977) ("There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one."); *Star Scientific, Inc. v. Beales*, 278 F.3d 339, 351 (4th Cir. 2002) (rational basis applies where a statute does not burden a fundamental right).

7

documents make clear, plaintiff's past efforts to obtain information from DHS have resulted in some success. *See* Comp. ¶ 37 ("DHS Assistant Counsel...reversed her objection to [Special Agent] Liu testifying"); Comp. Ex. H (letter permitting Liu to provide certain testimony). Thus, there is no plausible claim that DHS's *Touhy* regulations "completely foreclose[]" a meaningful opportunity to present claims in court. *See Broudy*, 460 F.3d at 185.

Accordingly, although *Williams* precludes plaintiff's broad attack on DHS's *Touhy* regulations as applied to plaintiff with regard to his state criminal prosecution, plaintiff also fails to state any constitutional claims in any event.

### III.

For the foregoing reasons, DHS's motion to dismiss must be granted. An appropriate Order will issue.

Alexandria, Virginia
May 2, 2016

/s/
_____
T. S. Ellis, III
United States District Judge